Spear, J.
In support of the demurrer it is contended that the crew operating the train which ran upon Snyder, was under no obligation to give any signal, warning or notice of the moving of the train; the expectation that signals would be given did not relieve Snyder from the duty of constant watchfulness. He was station agent, not in any way under the control of the train men; was familiar with the tracks and manner and custom of loading and unloading freight across the main track from the cars on the side track, and with all the dangers connected with that particular employment, and the manner of it, and acquiesced in it. Having thus remained in the employment of the company without protest or complaint, with full knowledge of the manner of conducting that work, and the dangers connected with it, as the petition shows, he assumed all risks. He was under as great obligation to provide for his own safety from the dangers incident to the work, or were discernible by ordinary care on his part, as the company was to provide for his safety; he could not go blindly to his work where there was danger, and having thus brought injury on himself, impose responsibility for the consequences upon the company.
It may be conceded that if the company owed Snyder no dúty as to care for his safety, there can be no liability. The assumption that it did not *495 owe any duty, however, begs the whole question. We conceive that the proper answer does not depend upon whether or not .the train men had authority or control over Snyder. Manifestly they did not have. The question is did the company upon any ground, or for any reason, owe to Snyder the duty of caring for him under the circumstances? It may be that, under the rule of the common law, the men having charge of the train and Snyder were fellow-servants, but the act of April 2, 1890 (87 O. L., 149), excludes from that category certain of those who are in a separate branch of the same service. Among the train men in charge of the freight train, it is averred there was an engineer who was the superior of others engaged in the management of the train, and there is nothing in this petition which shows, either by statement or inference, that the station agent stood in such relation to the company as to class him as a fellow-servant with the engineer or trainmen. It appears that he was in a separate branch of the service, and it does not appear that he had authority to direct or control any co-employe whatever. So that, if the allegations of the petition are sufficient to charge a duty of caring for Snyder which was not performed, the company will not be exonerated on the ground that the neglect of that duty was the act of a fellow-servant. But if there can be doubt as to this conclusion, it is to be observed that the negligence charged is not confined to the omissions of the train men. It is averred (not, perhaps, in the most distinct language, but explicitly enough, we think, to resist a general demurrer), that the duty of care rested upon the company itself.
*496 We are of opinion that testing the question by the allegations of this petition, it cannot, be said that the company did not owe Snyder the duty of giving warning of the approach of the freight train. The deceased, with knowledge of the company and by its orders, was engaged in a duty which required him to be upon the main track, and thus in a place of danger. Strict attention to the work in which he was thus engaged might have been inconsistent with constant watchfulness as to approaching trains. It is not impossible that this may have been the ease, and it does not appear from the petition that it was not. If it were then, under the holding of this court in Railway Co. v. Lavalley, 36 Ohio St., 221, and in Railway Co. v. Murphy, 50 Ohio St., 135 (where it is held that it is the duty of a railroad company to make such provision for the safety of its employes as will afford a reasonable protection against the dangers incident to their work), the company should have taken reasonable care for Snyder’s safety, and a failure to perform the duty was negligence on the part of the company. And if the duty rested upon the company to give warning to Snyder of the approach of the train, then Snyder was not necessarily negligent because of his reliance upon the train men to give such warning. But the petition goes further. It avers that the employes of defendant in charge of the train could have known, by the. use of ordinary care, that decedent was upon the track and in danger of being run onto by the train, in ample time to have stopped the train and avoided the injury; but the engineer on moving the train, and the fireman who was under his direction and control, failed to use ordinary care to protect decedent, and failed and neglected *497 to keep any lookout for the decedent or the other employes of said company, but with knowledge that decedent was upon and crossing the tracks, moved the train eastwardly through the yard, without signal or warning, and without keeping a lookout, and negligently ran the train upon and over decedent. This would seem to bring the case within the principle of Railroad Co. v. Kassen, 49 Ohio St., 230, where the holding is that the rule that the negligence of the injured party, which proximately contributes to the injury precludes him from recovering, has no application where the more proximate cause is the omission of the other party, after becoming aware of the danger to which the former is exposed, -to use a proper degree of care to avoid injuring him.
A number of cases decided by this court are cited by counsel for defendant in error as supporting his contention. In Railroad Co. v. Depew, 40 Ohio St., 121, Depew had been transacting business at the station. Upon leaving he stepped and continued to walk on the main track of the road on which he knew there was standing a locomotive with two cars attached. He looked at the train. It was standing still. He walked on and did not again look, expecting that if the train moved he, would hear a signal. None was given. The train backed upon him, but at a speed and in a way not unusual. The trainmen did not know nor have reason to suspect that anyone was or would be upon the track. Depew was not in the performance of any duty to the company when he went upon the track. He voluntarily and needlessly put himself in a place of great danger, a situation requiring constant watchfulness. He failed to *498 give it and was injured, but he could not recover; a case wholly different from the one stated in the petition. In Railway Co. v. Knittal, 33 Ohio St., 468, the plaintiff sought to recover for. injuries received in making a flying switch. He was refused a recovery on the ground that he had knowledge of the manner of making the switch; that it was made in the ordinary way; that he continued in the employment of the company with full knowledge of the dangers of the work, and hence should be held to have assumed the risk. The petition in the case at bar does not show this kind of a case. No custom with respect to moving cars in the yard is stated, and none appears. It seems hardly worth while to further review the decisions cited. Suffice it to say that the company’s contention is not supported by any of them.
We are of the opinion that the petition states a cause of action. The judgment of both courts will be reversed and the cause remanded for further proceedings.

Reversed.